**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera (SBN 192390)
Raymond E. Brown, Esq. (SBN 164819)
Jason Y. Chao, Esq. (SBN 250735)
650 Town Center Drive, Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
rbrown@aguileragroup.com
jchao@aguileragroup.com

Attorneys for Plaintiffs, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; and TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation;<br><br>Plaintiff,<br><br>v.<br><br>MACRO-Z-TECHNOLOGY COMPANY, INC.., a California corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br>**(2) BREACH OF CONTRACT; and**<br>**(3) EQUITABLE REIMBURSEMENT**<br><br>**JURY DEMAND** |

For its claims against Defendant MACRO-Z-TECHNOLOGY COMPANY, INC., (hereinafter referred to as "MZT" or "Defendants") and Does 1 through 10, Plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TRAVELERS INDEMNITY COMPANY OF CONNECTICUT (hereinafter, collectively referred to as "TRAVELERS" or

1

"Plaintiff") alleges as follows:

## JURISDICTION

1. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter "TRAVELERS PROPERTY") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. TRAVELERS PROPERTY is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff TRAVELERS INDEMNITY COMPANY OF CONNECTICUT (hereinafter "TRAVELERS INDEMNITY") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. TRAVELERS INDEMNITY is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3. Defendant MACRO-Z-TECHNOLOGY COMPANY, INC. is a corporation existing under the laws of the State of California, with its principal place of business located in Santa Ana, Orange County, California. Plaintiff is further informed and believes and thereon alleges that MZT is, and at all times relevant was, a general contractor doing business in the State of California.

4. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE defendants. Plaintiff will amend this Complaint to reflect the true names when the same are ascertained. Plaintiff is informed and believes and thereon alleges that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action. All Defendants, including DOES 1 through 10 are hereinafter collectively referred to as "MZT".

5. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, Seventy-Five Thousand Dollars. The amount in controversy exceeds $75,000 and represents fees and costs sought by MZT from Plaintiff in connection with its defense and/or indemnification in the Underlying Action. This Court has diversity jurisdiction as Plaintiff is

1  domiciled in Connecticut and the Defendants are/were domiciled in California.

## VENUE

6. Plaintiff is informed and believes and thereon alleges that this Court has personal jurisdiction over the Defendant, and each of them, as they are, at all relevant times hereinafter mentioned general contractors incorporated, headquartered and/or engaged in the business of construction and development in the State of California. Moreover, venue is proper as the Underlying Action is either currently pending or was litigated within Ventura County within this judicial district.

## GENERAL ALLEGATIONS

**A.   The Insurance Policies**

**(1) The Blue Iron Policies**

7. TRAVELERS issued the following commercial general liability policies under which Blue Iron, Inc. ("Blue Iron") was a named insured: DTE-CO-1C819245, effective 10/01/12 to 10/01/16.

8. Under the terms of the Blue Iron Policies, TRAVELERS was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the Blue Iron Policies, the insured and additional insureds are mandated to cooperate with TRAVELERS with regard to all aspects of its coverage, including any defense afforded under the policy. The Blue Iron Policies contain Commercial General Liability Form CG 00 01 10 01, which provides in part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement.**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

9. The Blue Iron Policies further require that in the event of an occurrence, offense, claim or suit, any insured must "[c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit' " and "[a]ssist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply."

10. In addition, the Blue Iron Policies provide that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assumed any obligation, or incur any expense, other than first aid, without our consent."

### B.     The Underlying Action

11. On or about October 23, 2015, Channel Islands Self Storage, LP filed a complaint in Ventura County entitled *Channel Islands Self Storage, LP v. County of Ventura, et al.*,, Ventura County Superior Court, Case No. 56-2015-00473782-CU-EI-VTA (the "*Channel Islands* Action").

12. On or about January 6, 2016, MZT, by and through their legal representative, Palumbo Bergstrom, LLP, tendered the *Channel Islands* Action to TRAVELERS as an additional insured under some or all of the Blue Iron Policies.

13. On or about January 22, 2016, TRAVELERS acknowledged receipt of MZT's tender and sent correspondence to MZT advising them that subject to a reservation of rights, TRAVELERS accepted MZT's tender under some or all of the Blue Iron Policies and agreed to defend MZT in the *Channel Islands* Action as an additional insured under the Blue Iron Policies. At that time, TRAVELERS asserted its right to retain counsel of its choosing and advised MZT that it was retaining James Bohm of Bohm Wildish to represent and defend MZT in the *Channel Islands* Action.

14. MZT has refused and is continuing to refuse to accept counsel appointed by TRAVELERS to defend them in the *Channel Islands* Action. Said refusal is in material breach of the subject insurance policies, and the implied covenant of good faith and fair dealing.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (By Plaintiff Against All Defendants)

15. Plaintiff hereby re-alleges and incorporates by reference each of the allegations

1    contained in all preceding paragraphs of this Complaint as though fully set forth herein.

2        16.   An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS, on the one hand, and MZT on the other, concerning TRAVELERS' rights, duties, and obligations under the Blue Iron Policies.

        17.   Specifically, TRAVELERS contends and is informed and believes that MZT disputes the following:

   a. TRAVELERS contends that under the Blue Iron Policies, it has the right to control the defense of MZT in the *Channel Islands* Action and therefore, has the right to appoint counsel of its own choosing in the action.

   b. TRAVELERS also contends that MZT is not entitled to the appointment of independent counsel under California Civil Code § 2860.

   c. TRAVELERS also contends that MZT's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel and its insistence that TRAVELERS continue to pay the fees and costs of its tendering counsel is a breach of its duty to cooperate under the Blue Iron Policies, and therefore MZT is not entitled to coverage under the policies.

   d. In addition, TRAVELERS contends that pursuant to the no-voluntary payments clause in the Blue Iron Policies, TRAVELERS is not obligated to pay any fees and costs incurred by MZT's chosen counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the *Channel Islands* Action.

        18.   TRAVELERS has no complete and adequate remedy at law to resolve these disputes. TRAVELERS seeks a judicial resolution of the controversy and a declaration of the following: (1) that TRAVELERS has the right to control the defense of MZT in the *Channel Islands* Action; (2) that MZT is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that MZT's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel and its insistence that TRAVELERS continue to pay fees and costs of its tendering counsel is a breach of its duty to cooperate under the Blue Iron Policies, and therefore MZT is not entitled to coverage under the policies; and (4) that pursuant to the no-voluntary

payments clause in the Blue Iron Policies, TRAVELERS is not obligated to pay any fees and costs incurred by MZT's counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the *Channel Islands* action.

19. By reason of the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations as between TRAVELERS and MZT may be determined under the provisions of the applicable policies of insurance.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT
**(By Plaintiff Against All Defendants)**

20. Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

21. Under the terms of the Blue Iron Policies the insured and any additional insureds, including MZT, have a mandated duty to cooperate with TRAVELERS with regard to all aspects of coverage, including any defense afforded under the policies.

22. TRAVELERS has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Blue Iron Policies.

23. MZT has breached the referenced insurance policies by breaching their duty to cooperate pursuant to the terms of the policies by refusing to acknowledge that TRAVELERS has the right to control the defense and select counsel in the *Channel Islands* Action and by insisting that TRAVELERS continue to pay the fees and costs of MZT's chosen counsel, thereby impeding TRAVELERS' ability to provide MZT with a defense, and thereby relieving TRAVELERS of its obligations under the policies.

24. As a result of MZT's breach of the Blue Iron Policies and breach of the duty to cooperate, TRAVELERS has been damaged in a sum according to proof at trial, and including but not limited to a denial of policy benefits.

## THIRD CAUSE OF ACTION FOR EQUITABLE REIMBURSEMENT
**(By Plaintiff Against All Defendants)**

25. Plaintiff hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

26. TRAVELERS has paid or will pay certain defense fees and costs incurred by MZT in defense in the *Channel Islands* Action. TRAVELERS did not pay these sums as a volunteer. When Plaintiff agreed to participate in MZT's defense, it reserved its rights to seek reimbursement from MZT of any defense related payments that it may make that are not potentially covered under the applicable insurance policies.

27. Plaintiff's insurance policies require that it defend and indemnify only those claims covered under its policies. To the extent that TRAVELERS pays fees or costs incurred by or on behalf of MZT in connection with the *Channel Islands* Action, which fees or costs are not potentially covered under TRAVELERS' insurance policies, MZT will have been unjustly enriched by such payments.

28. As a result of MZT's unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of TRAVELERS in the amount paid for the defense of claims not potentially covered under TRAVELERS' insurance policies, plus interest. The precise amount of the reimbursement that is appropriate will be subject to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration of this Court of the following: (1) that TRAVELERS has the right to control the defense of MZT in the *Channel Islands* Action; (2) that MZT is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that MZT's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel and its insistence that TRAVELERS continue to pay fees and costs of its tendering counsel is a breach of its duty to cooperate under the Blue Iron Policies, and therefore MZT is not entitled to coverage under the policies; and (4) that pursuant to the no-voluntary payments clause in the Blue Iron Policies, TRAVELERS is not obligated to pay any fees and costs incurred by MZT's counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the *Channel Islands* action.

2. For general damages in an amount to be proven at trial, but in no event less than $75,000, including but not limited to a denial of policy benefits;

3. For attorneys' fees and costs;

4. For prejudgment interest;

5. For costs of suit herein; and

6. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

Dated: February 6, 2017

THE AGUILERA LAW GROUP, APLC

_____
A. Eric Aguilera, Esq.
Raymond E. Brown, Esq.
Jason Y. Chao, Esq.
Attorneys for Plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and TRAVELERS INDEMNITY COMPANY OF CONNECTICUT